**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SYMMETRIX VIDEO SYSTEMS, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CISCO SYSTEMS, INC. )<br>)<br>Defendant. )<br>) | **C.A. NO. 6:20-CV-1151-ADA** |

**DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO DISMISS PLAINTIFF'S
CLAIMS FOR INDIRECT, JOINT, AND WILLFUL INFRINGEMENT**

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 1

III. LEGAL STANDARD .......................................................................................................... 3

IV. ARGUMENT ....................................................................................................................... 5

    A.   Symmetrix has not plausibly alleged specific intent to induce infringement. .................... 5
    B.   Symmetrix has not plausibly alleged contributory infringement. ....................................... 6
    C.   Symmetrix has not plausibly alleged joint infringement. ................................................... 7
    D.   Symmetrix has not plausibly alleged willful infringement. ............................................... 8

V.  CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am*,
   No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..........................5

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
   No. 6:13-CV-00362-WSS-JCM, 2014 WL 12551207 (W.D. Tex. Apr. 30,
   2014) ..........................................................................................................................6

*Artrip v. Ball Corp.*,
   735 F. App'x 708 (Fed. Cir. 2018) ............................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................4, 8

*Bushnell Hawthorne, LLC v. Cisco Systems, Inc.*,
   2019 WL 8107921 (E.D. Va. Feb. 26, 2019)..........................................................8, 9

*Carlton v. Freer Inv. Grp., Ltd.*,
   No. 5:15-CV-00946-DAE, 2017 WL 11046201 (W.D. Tex. Aug. 8, 2017) .............4

*CBA Envtl. Servs., Inc. v. Toll Bros. Inc.*,
   403 F. Supp. 3d 403, (D.N.J. 2019) ..........................................................................7

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
   579 U.S. 93 (2016).................................................................................................3, 8

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016).................................................................................7

*Midwest Energy Emissions Corp. v. Vista Energy Corp.*,
   No. 19-CV-1334-RGA-CJB, 2020 WL 3316056 (D. Del. June 18, 2020)...............7

*Monarch Networking Solutions LLC v. Cisco Sys., Inc. et al.*,
   No. 6:20-CV-00381 (W.D. Tex. Feb. 3, 2021).........................................................5

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzen) Tech., Ltd.*,
   No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ........5, 6

*Parity Networks, LLC v. Cisco Sys. Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019).............8

*Parus Holdings Inc. v. Apple Inc., et al.*,
   No. 6:19-CV-00432-ADA (W.D. Tex. Feb. 19, 2020)..........................................1, 5

*Progme Corp. v. Comcast Cable Commc'ns LLC*,
  No. CV 17-1488, 2017 WL 5070723 (E.D. Pa. Nov. 3, 2017) .................................................. 8

*SAP America, Inc. v. InvestPic, LLC*,
  898 F.3d 1161 (Fed. Cir. 2018) ............................................................................................... 4

*Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*,
  497 F. Supp. 3d 762 (N.D. Cal. Oct. 28, 2020) ...................................................................... 7

**Statutes**

35 U.S.C. § 271(c) ............................................................................................................................ 6

**Other Authorities**

Federal Rule of Civil Procedure 8(a)(2) .......................................................................................... 3

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................ 4

Federal Rule of Civil Procedure 12(c) ..................................................................................... 1, 4

## I.  INTRODUCTION

Cisco moves to dismiss plaintiff Symmetrix Video Systems LLC's claims for indirect, joint, and willful patent infringement, including entitlement to enhanced damages. Symmetrix recently filed an amended complaint that lacks well-pleaded facts to support these claims. Instead, Symmetrix rests on boilerplate allegations that simply parrot the legal elements. Facts supporting specific intent to induce infringement, lack of substantial noninfringing use, direction and control or joint enterprise, and egregious conduct are entirely missing. Under Federal Rule of Civil Procedure 12(c), dismissal is warranted.

## II.  BACKGROUND

Symmetrix first filed suit against Cisco in the District of Delaware in July 2020. It admits that it first gave Cisco notice of the asserted patent, U.S. Patent No. 10,547,811 ("the '811 patent"), at that time. Am. Compl. ¶ 49.[1] After dismissing its Delaware complaint, Symmetrix re-filed in this District on December 16, 2020. Compl., Dkt. 1. Fact discovery opened four months ago, on August 20, 2021. *See* Second Am. Scheduling Order, Dkt. 29, at 1. On November 30, 2021, Symmetrix filed its amended complaint. Am. Compl., Dkt. 33. On December 21, concurrently with this motion, Cisco answered. Dkt. No. 46.

The pleadings are now closed. Although the case has been pending for a year and fact discovery is nearly complete, Symmetrix's amended complaint alleges nothing to support its assertions of indirect, joint, and willful infringement.

---

[1] This alone warrants dismissal of the indirect and willful infringement claims, as to which pre-suit knowledge of both the patent and the alleged infringement are prerequisites. *See, e.g., Parus Holdings Inc. v. Apple Inc., et al.*, No. 6:19-CV-00432-ADA, Dkt. No. 107, at 51-52 (W.D. Tex. Feb. 19, 2020). However, because Symmetrix dismissed its original complaint and filed in this District six months later, and because other elements are so sorely lacking, Cisco does not base this motion on Symmetrix's failure (and inability) to plead that it informed Cisco of the asserted patent and alleged infringement claim before filing suit.

1

As relevant here, Symmetrix alleges that it is "the assignee and owner of the right, title and interest in and to the '811 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it." Dkt. 33, ¶ 33. It further alleges that Cisco directly infringes "at least claim 7" of the patent. Dkt. 33, ¶ 34. The "Accused Instrumentality" is Cisco's "Webex Meetings software." *Id.*, ¶ 23. The amended complaint includes allegations of pre-suit knowledge, indirect, joint, and willful infringement that are purely conclusory. *See id.*, ¶¶ 50-51, 56-57.

With respect to inducement and contributory infringement, the amended complaint points to Cisco's customers as alleged direct infringers and repeats the legal elements. *See id.*, ¶ 50 (alleging that Cisco has and continues to induce infringement "by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to CSI's partners and customers, whose use of the Accused Instrumentality constitutes direct infringement"); *id.* ¶ 56 (conclusory assertion of contributory infringement "by offering to sell, selling and importing into the United States videoconferencing software").

The amended complaint alleges no facts to show or even suggest specific intent to induce infringement. The closest it comes is alleging that Cisco "licenses, or otherwise offers the Accused Instrumentality according to a number of different plans." *Id.*, ¶ 52. Other than alleging that Cisco provides its software to customers, *id.* ¶¶ 52-55, Symmetrix offers nothing to demonstrate specific intent to induce infringement. It merely recites legal elements, alleged on "information and belief," with no factual support. *See, e.g., id.*, ¶¶ 50, 51.

As for contributory infringement, instead of identifying an alleged material component, the amended complaint points generally to the "Accused Instrumentality," which is a vague term that

2

purports to include all versions of Cisco's WebEx software since 2014. *Id.*, ¶ 24, 56. The amended complaint states no facts to support the absence of substantial noninfringing use. *Id.*, ¶ 56.

The amended complaint contains a single paragraph asserting a theory of joint infringement. Here too, the allegations are purely conclusory and unaccompanied by any supporting facts:

> Further, Defendant has and continues to directly infringe at least claim 7 of the '811 patent jointly with its licensees. For instance, Defendant is in a joint enterprise with the licensed users of the Accused Instrumentality, arising from the contractual rights granted to the users through their licenses, such that Defendant is liable for direct infringement based on such users' use of the Accused Instrumentality.

*Id.*, ¶ 47.

Finally, Symmetrix's bare assertion of willfulness does not come close to satisfying the pleading standard. The amended complaint asserts on unspecified "information and belief" that "since CSI had knowledge of the '811 patent, CSI's infringement has been and continues to be willful." Dkt. 33, ¶ 57. Completely missing is any good-faith factual basis to support this allegation. Again, despite having had ample time to conduct discovery, Symmetrix identifies *no* facts remotely suggesting that Cisco knew or could have known that anything it was doing was allegedly wrong before Symmetrix served its original complaint in July 2020. The amended complaint is devoid of allegations from which anyone could conclude that Cisco engaged in "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, [or] flagrant," behavior of any kind, let alone misconduct "characteristic of a pirate" and sufficient to warrant enhanced damages. *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 103-04 (2016).

### III.   LEGAL STANDARD

A plaintiff alleging patent infringement must meet the minimum federal pleading standard. Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The "complaint must contain

3

sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential, because the Federal Rules of Civil Procedure do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. The plaintiff must do more than plead facts that are "'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 557).

The legal standard applicable to a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *SAP America, Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018) ("The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.") (quoting *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must support "every element of each cause of action" with "specific factual allegations." *Carlton v. Freer Inv. Grp., Ltd.*, No. 5:15-CV-00946-DAE, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017). In analyzing such motions, courts disregard conclusory assertions and statements, legal conclusions couched as factual allegations, and "[t]hreadbare recitals of the elements of a cause of action," and consider only well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. A plaintiff has not stated a plausible claim for relief if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679; *see also, e.g., Artrip v. Ball Corp.*, 735 F. App'x 708, 714 (Fed. Cir. 2018) ("Even taken as true, the facts alleged in the third amended complaint are insufficient to state a plausible, rather

4

than merely possible, claim for relief."). This Court dismisses claims that lack the required factual underpinnings. *See, e.g.*, *Monarch Networking Solutions LLC v. Cisco Sys., Inc. et al.*, Case No. 6:20-CV-00381, Order Granting Dkt. No. 19, (W.D. Tex. Feb. 3, 2021); *Parus Holdings Inc. v. Apple Inc., et al.*, Case No. 6:19-CV-00432-ADA, Dkt. No. 107, at 51-52 (W.D. Tex. Feb. 19, 2020).

## IV. ARGUMENT

### A. Symmetrix has not plausibly alleged specific intent to induce infringement.

A claim of induced infringement requires a plausible allegation that Cisco specifically intended to induce patent infringement. *See, e.g.*, *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzen) Tech., Ltd.*, Case No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) ("Further, a plaintiff must allege a specific intent to induce infringement, which is 'evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'") (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)); *Affinity Labs of Tex., LLC v. Toyota Motor N. Am*, Case No. 6:13-CV-00365-JCM, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014) (quoting *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). But Symmetrix offers merely conclusory allegations, on "information and belief," that Cisco acted "with specific intent to cause infringement or with willful blindness." Dkt. 33, ¶ 51; *see also id.* ¶ 50 (same).

Unsupported allegations that echo the legal standard are not sufficient to make out a plausible claim for relief. Nor is it sufficient to allege that Cisco offers WebEx Meetings to potential customers. *See id.*, ¶¶ 50-55. Alleging that Cisco makes its software available to download does not make it plausible to conclude that Cisco knew it was causing or encouraging

its customers to infringe. Generalized allegations regarding marketing activity are insufficient to establish specific intent. *See, e.g.*, *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, Case No. 6:13-CV-00362-WSS-JCM, 2014 WL 12551207, at *6 (W.D. Tex. Apr. 30, 2014) (*citing MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F.Supp.2d 225, 234 (D. Del. 2012) ("Allegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that the Defendants possessed the specific intent to encourage another's infringement")). Nothing in the amended complaint comes close to alleging the requisite "evidence of culpable conduct, directed to encouraging another's infringement. . . ." *Monolithic Power Systems*, 2021 WL 3931910, at *5 (citation omitted).

### B.     Symmetrix has not plausibly alleged contributory infringement.

Contributory infringement requires plausible allegations both that the accused products are a "material part of the [claimed] invention," and that they are not "staple articles or commodities of commerce capable of substantial noninfringing use." 35 U.S.C. § 271(c). Symmetrix offers nothing more than a conclusory recitation of the legal standard, alleging merely that "[t]he Accused Instrumentality is a material component for use in practicing the '811 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use." Dkt. 33, ¶ 56. Such sparse allegations do not suffice.

The amended complaint provides no basis for the assertion that the accused software forms a "material part of the claimed invention." And it offers no detail whatsoever with respect to substantial noninfringing use. The allegations are insufficient as a matter of law. *See, e.g.*, *Monolithic Power Systems*, 2021 WL 3931910, at *5 (dismissing contributory infringement claims that merely recited the elements and did not contain "any facts," let alone "enough to lead to a plausible inference" regarding the absence of substantial noninfringing use).

6

### C. Symmetrix has not plausibly alleged joint infringement.

A plausible claim of joint infringement requires facts "sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016). Providing software to customers does not constitute "direction or control." *See, e.g.*, *Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, 497 F. Supp. 3d 762, 766-68 (N.D. Cal. Oct. 28, 2020) (rejecting "allegations of direction and control through the provision of infringing software to end-user devices") (quoting *Sentius Int'l, LLC v. Apple Inc.*, No. 4:20-cv-00477-YGR, 2020 WL 6081775, at *4-5 (N.D. Cal. Oct. 15, 2000)). Nor does it equate to a joint enterprise, which requires, at minimum, "facts as to the presence of an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *See, e.g.*, *Midwest Energy Emissions Corp. v. Vista Energy Corp.*, No. 19-CV-1334-RGA-CJB, 2020 WL 3316056, at *10 (D. Del. June 18, 2020) (citing *IOENGINE, LLC, v. PayPal Holdings, LLC*, Civil Action Nos. 18-452-WCB, 18-826-WCB, 2019 WL 330515, at *3 (D. Del. Jan. 25, 2019) and *CBA Envtl. Servs., Inc. v. Toll Bros. Inc.*, 403 F. Supp. 3d 403, 419 (D.N.J. 2019)), *report and recommendation adopted*, No. 19-CV-1334-RGA-CJB, 2020 WL 8265330 (D. Del. July 15, 2020). Symmetrix's new allegation of joint infringement does not come close to meeting this standard—even though Symmetrix has had ample opportunity to conduct discovery and uncover any relevant facts.

The entire allegation concerning joint infringement is the following: "Further, Defendant has and continues to directly infringe at least claim 7 of the '811 patent jointly with its licensees. For instance, Defendant is in a joint enterprise with the licensed users of the Accused

Instrumentality, arising from the contractual rights granted to the users through their licenses, such that Defendant is liable for direct infringement based on such users' use of the Accused Instrumentality." Dkt. 33, ¶ 47. Symmetrix's passing reference to unspecified "contractual rights" falls far short of alleging either "direction or control" or a "joint enterprise." Symmetrix does not even attempt to allege that any contractual provision requires Webex Meetings customers to perform steps of the claimed method, nor does Symmetrix cite to any terms of the supposed contract that would show the existence of a joint enterprise. This type of conclusory pleading fails *Iqbal* at any stage; it certainly is inadequate when a plaintiff amends its complaint after having had months to conduct discovery. *See, e.g.*, *Progme Corp. v. Comcast Cable Commc'ns LLC*, No. CV 17-1488, 2017 WL 5070723, at *10-11 (E.D. Pa. Nov. 3, 2017) (dismissing joint infringement claim where amended complaint failed to allege facts supporting either direction and control or joint enterprise).

### D. Symmetrix has not plausibly alleged willful infringement.

Enhanced damages "should generally be reserved for egregious cases typified by willful misconduct." *Halo Electronic, Inc, v. Pulse Electronics, Inc. et al.*, 579 U.S. 93, 106. At the motion to dismiss stage, this Court has instructed that "a plaintiff should plead willfulness with sufficient articulation of the relevant facts." *Parity Networks, LLC v. Cisco Sys. Inc.*, Case No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019). Courts have repeatedly "concluded that a plaintiff must 'plead facts showing willfulness' in order to avoid dismissal of a willful infringement claim," *Bushnell Hawthorne, LLC v. Cisco Systems, Inc.*, 2019 WL 8107921 (E.D. Va. Feb. 26, 2019) (quoting *Cont'l Circuits LLC v. Intel Corp.*, No. CV-16-2026-PHX-DGC, 2017 WL 2651709, at *7 (D. Ariz. June 19, 2017) (collecting cases)). Thus, to state a plausible claim of willful infringement, "the complaint must also allege facts to demonstrate [that] the

defendant's behavior was egregious under the circumstances, such as facts showing that [the] defendant was subjectively aware of the risk that its conduct constituted infringement." *Id.* (citations omitted).

Here, Symmetrix alleges no facts whatsoever to support its willfulness allegation. There is nothing from which anyone could plausibly conclude that Cisco has engaged in egregious conduct. In fact, Symmetrix does not even offer a conclusory allegation of egregious conduct. For this additional reason, the Court should dismiss any claim for enhanced damages based on willful infringement.

## V. CONCLUSION

Cisco respectfully asks the Court to grant this motion in its entirety, and dismiss the claims for indirect, joint, and willful infringement.

Dated: December 21, 2021

Respectfully submitted,

By:
 /s/ *Eric H. Findlay*

Eric H. Findlay (State Bar No. 00789886)
efindlay@findlaycraft.com
**FINDLAY CRAFT, P.C.**
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Elizabeth R. Brannen
ebrannen@stris.com
Kenneth J. Halpern
khalpern@stris.com
**STRIS & MAHER LLP**
777 S. Figueroa St, Ste 3850
Los Angeles, CA 90017
Telephone: (213) 995-6800
Facsimile: (213) 216-0299

*Attorneys for Defendant
Cisco Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2021, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. All counsel of record are participants in CM/ECF and have consented to electronic service.

*/s/* Eric H. Findlay
Eric H. Findlay